## LESLIE L. ANDERSON v. STATE AND OTHERS.

214 N. W. 2d 668.

December 14, 1973—No. 43891.

*Mackall, Crounse & Moore, Floyd E. Nelson* and *James L. Hetland, Jr.*, for appellant.

*Warren Spannaus*, Attorney General, *Curtis D. Forslund*, Chief Deputy Attorney General, and *Thomas R. Muck*, Special Assistant Attorney General, for respondents.

PER CURIAM.

This case was heard on appeal at the same time as the cases of Judges J. H. Sylvestre, Harold E. Flynn, Paul J. Jaroscak, J. K. Underhill, Levi M. Hall, and Arnold C. Forbes, which were consolidated for trial and on appeal. Judge Leslie L. Anderson commenced this action prior to his retirement and in his complaint seeks relief additional to that sought by the others. The

trial court denied all of his claims and he then submitted his request for retirement but alleged that he did not unconditionally waive his claims and appealed. Except as hereinafter discussed, the relief sought is governed by our decision in Sylvestre v. State, 298 Minn. 142, 214 N. W. 2d 658 (1973), filed herewith.

Judge Anderson's complaint asked in addition to other relief that he be allowed to serve the balance of his elected term and then be granted retirement pay of one-half of the salary allotted to the office, or, in the alternative, that if he retired before the end of his term he be paid full salary for the balance of his term and then one-half of the amount allotted to the office. He assumed the duties of a district judge in 1952. Under Minn. St. 1949, § 490.102, subds. 1 and 2,[1] which was in effect in 1952, a district judge qualified for retirement was entitled to receive upon retirement full salary for the balance of his elected term and thereafter one-half of the compensation allotted to the office at the time of his retirement. In 1961, this section was amended so as to increase retirement pay to an amount equal to one-half of the salary allotted to the office. Ex. Sess. L. 1961, c. 15, § 1.

Absent other legislative action, the claims of Anderson would be valid under our decision in Sylvestre v. State, *supra*. However, a unique situation arose in 1959 resulting in legislative action which precludes such claims. It is common knowledge among those who served on the district bench in 1959 that the judges nearing retirement were deeply concerned over the necessity of seeking reelection for a full term when in fact they would only

---

[1] Minn. St. 1949, § 490.102, provides: "Subdivision 1. A judge retired under the provisions of either Subdivision 1 or 2 of Section 490.101 shall continue to receive the compensation allotted to his office from the date of his retirement until the expiration of the term for which he was elected.

"Subd. 2. If, at the time of retirement, he has served for 15 years as such judge, or as such judge and as judge of a court of record, he shall receive for the remainder of his life, after the expiration of the term for which he was elected, one-half the compensation allotted to his office at the time of his retirement."

serve part of the term. In some cases the time involved from the commencement of the judge's last term to the time he was eligible for retirement was relatively short. If the district judge was not reelected to another term so as to qualify for a pension, he lost all pension benefits under the statutes regardless of the number of years he had served. The district judges sought the assistance of the legislature in finding a solution to this problem. The results of their efforts are reflected by the session laws of the 1959 legislature.

A new subdivision was added to Minn. St. 1957, § 490.101, by L. 1959, c. 688, § 2, to permit a district judge to have his term extended up to 3 years in order to qualify for retirement without the necessity of seeking reelection.[2] In agreed exchange for the granting of this new right, the legislature required retiring district judges to waive full salary for the balance of their unexpired term at the time of their retirement (Minn. St. 1957, § 490.102, subd. 1, as amended by L. 1959, c. 688, § 3).[3] Thus, we can observe from the legislation adopted the accommodation made between the district judges and the legislature to resolve

---

[2] Minn. St. 490.101, subd. 4, provides: "When the term of any judge of the district court would expire three years or less from the time when he would become eligible to retire under the provisions of this section and section 490.102, upon written application by such judge to the governor stating his intention to retire upon eligibility, the governor shall forthwith make a written order accepting such retirement application, and extending his term of office for three years or such proportion thereof as may be necessary to make him eligible for such retirement."

[3] Minn. St. 490.102, subd. 1, provides: "A judge who elects to retire under the provisions of section 490.101 and who has an unexpired balance of the term for which he was elected yet to run after such retirement, shall, in order to receive the retirement compensation hereinafter outlined, waive in writing the compensation allotted to his office, from the date of such retirement to the date of the expiration of the term for which such judge was elected, and receive only during such period and thereafter retirement pay as hereinafter outlined. This subdivision shall not apply to any judge who has retired prior to the effective date of this act."

a unique problem by an agreed relinquishment of preexisting rights.

We hold that a district judge who retires or has retired from and after the adoption of the 1959 legislation is bound by the conditions. The offer made by the state to the individual district judge based on the statutory provisions existing at the time he took office or as subsequently improved was to that extent modified to reflect the accommodation made between the legislature and the district judges resulting in the adoption of the 1959 legislation.

The judgment of the trial court is reversed in part and the matter remanded with instructions to enter judgment for plaintiff consistent with the decision in Sylvestre v. State, *supra,* and this opinion.

Reversed in part.